IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-186-BO

| KATHERINE HARRIS, | |
|---|---|
| Plaintiff, | |
| v. | ORDER AND MEMORANDUM AND RECOMMENDATION |
| STATE OF NORTH CAROLINA, *et al.*, | |
| Defendants. | |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, motion to amend complaint, and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1, -6, -9]. Plaintiff has demonstrated appropriate evidence of her inability to pay the required court costs and the application to proceed *in forma pauperis* is allowed. However, for the reasons stated below, the motion to amend is allowed and it is recommended that Plaintiff's complaint [DE-1] be dismissed.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those

whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case,

2

Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff alleges she was wrongfully terminated from her employment with the North Carolina School System in 2007, in violation of the following: 42 U.S.C. § 1983, the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, the Civil Rights Act of 1964, and the Health Insurance Portability and Accountability Act ("HIPAA"). Compl. [DE-1] at 2–4. Additionally, she asserts claims against defendant Auger for conspiracy to commit fraud and breach of fiduciary duty. [DE-1-2]. Plaintiff filed multiple documents that the court is treating collectively as her complaint. [DE-1, 1-1–11]. The first document consists only of legal jargon with no factual allegations. [DE-1]. She then addresses the particular factual allegations asserted against defendants Shepard, Auger, and Austin, respectively. [DE-1-1–3]. Lastly, she includes an "Attachments" page, listing the attachments to her complaint [DE-1-4], which include: (1) a letter from the superintendent of the Cabarrus County School System [DE-1-5]; (2) a letter from an attorney representing the school

3

board [DE-1-6]; (3) a summary chart of the alleged violations committed by the Cabarrus County Board of Education [DE-1-7]; (4) an employee summary showing she received tenure [DE-1-8]; (5) a letter written by Plaintiff to the superintendent [DE-1-9]; (6) a complaint regarding five county school boards [DE-1-10]; and (7) citations regarding due process date [DE-1-11].

On May 22, 2018, Plaintiff filed a motion to amend the complaint, seeking to change the name of defendant Cheryl Auger to Kathryn Auger and to add the "Board of Trustees Teachers' and State Employees Retirement System, a body politic and corporate" as parties. [DE-9]. A complaint may be amended before an answer is filed "as a matter of course." Fed. R. Civ. P. 15(a). Therefore, because no answer has been filed in this case, Plaintiff was not required to file a motion to amend and may amend as a matter of course. Accordingly, the motion to amend is allowed.

The court dispenses with Plaintiff's claims pursuant to HIPAA where there is no conferred private right of action under the law. *James v. Tripp*, No. 5:16-CT-3036-D, 2016 WL 6662260, n.1 (E.D.N.C. Sept. 15, 2016) (citing *Johnson v. United States*, No. 3:15-CV-556-RJC-DSC, 2016 WL 2757609, at *5 (W.D.N.C. Mar. 24, 2016), *adopted by* 2016 WL 2627043 (W.D.N.C. May 9, 2016)). Accordingly, the court recommends that any claims pursuant to HIPAA be dismissed.

Plaintiff generally asserts claims under the Civil Rights Act, without specifying the title under which she brings her claims. Construing her claims liberally, the court concludes that Title VII is the only cognizable grounds where Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any

4

individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Before a plaintiff may file a suit under Title VII, she is required to exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (citing 42 U.S.C. § 2000e-5(b), (f)(1)); *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e-(5)(f)(1) (Title VII)). Here, Plaintiff failed to allege that she has exhausted her administrative remedies. Accordingly, the court recommends that any claims brought under the Civil Rights Act of 1964 be dismissed. *See Shaver v. Davie Cty. Pub. Sch.*, No. 1:06-CV-176, 2008 WL 943035 (M.D.N.C. Apr. 7, 2008) (dismissing with prejudice a plaintiff's Title VII claims where plaintiff failed to allege he exhausted his administrative remedies with the EEOC before filing the action).

The remaining claims asserted by Plaintiff are time-barred. The court may raise a statute of limitations defense *sua sponte* when a complaint is filed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Nasim*, 64 F.3d at 953–54); *Hall v. Cumberland Cty.*, No. 5:17-CV-348-FL, 2017 WL 5986468, at *3 (E.D.N.C. Sept. 14, 2017), *adopted by* 2017 WL 5973406 (E.D.N.C. Dec. 1, 2017). "There is no statute of limitations provided in § 1983; rather, federal courts apply the forum state's 'most analogous' statute of limitations, generally the statute applicable to personal injury actions." *Fayemi v. Offerman*, 99 Fed. App'x 480, 481 (4th Cir. 2004) (citing *Owens v. Okure*, 488 U.S. 235 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). "However, the date the cause of action accrues is determined under federal law." *Id.* (citing *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d

5

1158, 1162 (4th Cir. 1991)). "In North Carolina, the statute of limitations for actions under 42 U.S.C. § 1983 (2000) is three years." *Id.* (citing *Love v. Alamance Cty. Bd. of Educ.*, 757 F.2d 1504, 1506 (4th Cir. 1985)). "Under federal law, a cause of action accrues and the statute of limitation commences 'when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.'" *Id.* (citing *Nasim*, 64 F.3d at 955).

The FMLA has two potentially applicable statute of limitations based on whether the violation was willful. Non-willful violations of the FMLA require action "no later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). Willful violations of the FMLA have a three year statute of limitations. *Id.* § 2617(c)(2). The triggering date for discrimination cases under the FMLA is the "decision to let the employee go," as long as the employee has notice of the decision. *Martin v. Southwestern Virginia Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998) (citing *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 296–97 (7th Cir. 1995)).

Like § 1983 claims, there is no statute of limitations provided in either the ADA or the Rehabilitation Act. Therefore, courts borrow the statute of limitations from the "most analogous" state law equivalent. *Wilson*, 471 U.S. at 276. The most analogous state law here is the North Carolina Handicapped Persons Protection Act ("North Carolina Protection Act"). N.C. Gen. Stat. § 168A-12; *see Semenova v. Md. Transit Admin.*, 845 F.3d 564 (4th Cir. 2017) (finding the North Carolina Handicapped Persons Protection Act is the most analogous state statute to the ADA and Rehabilitation Act)[1]; *see McCullough v. Branch Banking & Tr. Co.*, 35 F.3d 127, 131

---

[1] The North Carolina Handicapped Persons Protection Act has been retitled the North Carolina Persons with Disabilities Protection Act. *See Tutah v. Camden Dev., Inc.*, No. 3:17-CV-646, 2018 WL 2434071, at *3 (W.D.N.C.

6

(4th Cir. 1994). The North Carolina Protection Act promulgates a 180-day statute of limitations for employment discrimination cases, and accrual under the North Carolina Protection Act begins "when the Plaintiff possess sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." N.C. Gen. Stat. § 168A-12; *Nasim*, 64 F.3d at 955.

The applicable statute of limitations for both a claim of breach of fiduciary duty and a claim of conspiracy to commit fraud is three years in North Carolina. *Hetzel v. JPMorgan Chase Bank, N.A.*, 4:13-CV-236-BO, 2014 WL 7336863, at *3 (E.D.N.C. Dec. 22, 2014) (citing N.C. Gen. Stat. § 1-52; *Harold v. Dowd*, 149 N.C. App. 777, 561 S.E.2d 914, 917 (N.C. App. 2002); *Toomer v. Branch Banking & Trust Co.*, 171 N.C. App. 58, 614 S.E.2d 328, 335 (N.C. App. 2005)); N.C. Gen. Stat. § 1-52(9).

Here, Plaintiff alleges that she was notified by letter dated April 16, 2007, that her employment with the Cabarrus County Schools "will formally end on April 20, 2007." [DE-1-2] at 2. Further, Plaintiff was notified on October 17, 2008, that the Cabarrus County School System had not selected her for another position. [DE-1-1] at 1; [DE-1-5]. In construing the above-cited statutes of limitations liberally, Plaintiff was required to bring any action pursuant to the ADA or the Rehabilitation Act by April 2009, and any action pursuant to § 1983, FMLA, breach of fiduciary duty, and conspiracy to commit fraud by October 2011. Plaintiff filed this action on April 27, 2018, over six years after these statutes of limitations expired. [DE-1]. Therefore, the claims brought under § 1983, FMLA, ADA, the Rehabilitation Act, and the state law torts of breach of fiduciary duty and conspiracy to commit fraud are all time-barred.

Plaintiff contends that her claims are not time-barred because employment cannot be

---

May 30, 2018).

terminated until "due process" is exhausted. [DE-1-11]. She argues that, because she was never provided appropriate "due process," her employment has not been formally terminated and therefore the statute of limitations has not run. *Id.* (citing *McLean Crest, LLC v. Wickwire Gavin, P.C.*, No. 211384, 2003 WL 22519684, at *1 (Va. Cir. Ct. Aug. 12, 2003) ("Plaintiffs' right of action had expired before his cause of action accrued" and to enforce the statute of limitations in that "situation would deprive Plaintiffs of their property without due process of law.")). However, Plaintiff's reliance on *McLean* is misplaced. First, *McLean* is a Virginia state case, and therefore not controlling on the court. *Johnson v. Hutcheson*, 323 F.2d 597 (4th Cir. 1963). Second, the cause of action at issue in *McLean* was legal malpractice, and the court focused on the damage stemming from a cause of action that was *not* timely filed. *McLean*, 2003 WL 22519684, at *1. Here, the damage alleged by Plaintiff occurred, depending on the cause of action, either (1) when Plaintiff was terminated on April 20, 2007, or (2) when she was not rehired in October 2008. As discussed above, the statutes cited by Plaintiff in the complaint prescribe the event that triggers the statute of limitations to begin, thereby negating a need for the court to analyze whether "due process" was afforded. Accordingly, the court finds that the statute of limitations expired, at the latest, in October 2011, and therefore recommends that these claims be dismissed as time-barred.

### III. CONCLUSION

For the reasons stated herein, the application to proceed *in forma pauperis* and the motion to amend is allowed, and it is RECOMMENDED that the case be dismissed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on

Plaintiff. You shall have until **July 24, 2018**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, this the 10th day of July, 2018.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

9

Case 5:18-cv-00186-BO   Document 10   Filed 07/10/18   Page 9 of 9